FILED
FEB 16 2007
U.S. DISTRI(
LARKSBURG

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM L. MORRELL,

    Petitioner,

v.                             CIVIL ACTION NO. 1:05cv95
                                  (Judge Keeley)

KEVIN J. WENDT,

    Respondent.

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

### I. Background

The pro se petitioner, William L. Morrell ("Morrell"), is currently serving a 60 month sentence of incarceration following his conviction for conspiracy to defraud the United States. On June 14, 2005, Morrell filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, claiming that the BOP has improperly calculated his good conduct time ("GCT") by basing its calculation on his time served instead of his term of imprisonment. Specifically, he asserts that, when based on the sentence imposed, his sentence "is only being reduced at a rate of 47 days per year" instead of the 54 days per year authorized by 18 U.S.C. § 3624(b).

The Court referred this matter to United States Magistrate Judge James E. Seibert in accordance with Local Rule of Prisoner Litigation Procedure 83.09. On July 13, 2005, Magistrate Judge Seibert issued a Report and Recommendation, concluding that Morrell was entitled to no habeas relief. The magistrate judge stated that

**Morrell v. Wendt**                                                      1:05cv95

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

18 U.S.C. §3624(b) delegates to the BOP the authority to award and calculate good conduct credits, and the BOP has set forth the formula it uses to determine good conduct time in the Bureau of Prisons Program Statement 5880.28. Relying on the holding in Yi v. Federal Bureau of Prisons, 412 F.3d 526 (4th Cir. 2005), Magistrate Judge Seibert concluded that the BOP properly calculated the petitioner's GCT based on time served instead of the sentence imposed.

On July 20, 2005, Morrell timely filed several objections to the Report and Recommendation, in which he contends that a time served construction of 18 U.S.C. §3624 becomes less plausible when the statute is read as a whole. Morrell asserts that Congress uses "term of imprisonment" in section 3624 and other statutes to reference "sentence imposed." He also argues that, if the Court finds the statute ambiguous, it must also apply the rule of lenity and construe the ambiguous statute in his favor.

With respect to Morrell's 60 month sentence, he states that a single year sentence is significantly different from a multi-year sentence in calculating GCT. Moreover, he argues that the Magistrate Judge's interpretation of section 3624 effectively repeals the statute by implication. For these reasons, Morrell

2

asserts that the BOP incorrectly calculated his GCT based on time served instead of his total sentence imposed.

## II. Discussion

The sole issue raised by the petition is whether the BOP properly calculated Morrell's GCT based on his time served. 18 U.S.C. §3624(b). As noted above, the Fourth Circuit upheld the BOP's policy in Yi v. Federal Bureau of Prisons, when it held that the "BOP has reasonably interpreted [§3624(b)] so as to require the calculation of GCT based upon the inmate's time served." 412 F.3d at 526. In Yi, the defendant was serving a 151-month sentence for his role in a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962. Id. He pointed out that Congress refers to the "term of imprisonment" on three occasions in the first sentence of 18 U.S.C. §3624(b)(1) and asserted that on the first two occasions Congress clearly references the sentence imposed. Id. at 529. Thus, he argued that a specific term could not change its meaning within the same sentence to reference time served, and contended that the court must apply the rule of lenity and construe section 3624 in his favor if the statute is ambiguous. Id. at 535.

The Fourth Circuit stated that Yi's construction of 18 U.S.C. §3624(b) was plausible, but stated that it could not find that the

statutory language unambiguously compelled only the petitioner's interpretation. Id. at 530. Rather, it concluded that awarding credit for time not actually served would conflict with the intent of Congress to require prisoners to "earn" credit under the GCT statute for exemplary compliance with institutional disciplinary regulations during each year of their imprisonment. Id. Similarly, it found that the statute authorizes the BOP to award lesser credit, or none at all, if it determines that a prisoner has failed to comply with disciplinary regulations during a year. Id. Accordingly, while the Fourth Circuit determined that the statute was ambiguous, it held that the BOP's interpretation of 18 U.S.C. §3624(b), to require the calculation of GCT based upon the inmate's time served, is a reasonable one and, thus, is entitled to deference. Id. at 534.

The Fourth Circuit also found that it did not have to resort to the rule of lenity in deciding Yi because the BOP Program Statement 5880.28 provides the public with sufficient notice that GCT shall be awarded based upon time actually served; accordingly, no one should mistake the ambit of the law or its penalties. Id. at 535. Furthermore, the court stated that because Congress has charged the BOP with administering 18 U.S.C. §3624, a court should defer to the agency's reasonable construction. Id.

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

In light of the Fourth Circuit's deference to the BOP's construction of section 3624(b), Morrell's objections to the magistrate judge's findings are unavailing. Therefore, the Court **AFFIRMS** the Magistrate Judge Seibert's report and recommendation, **OVERRULES** Morrell's objections and **DISMISSES WITH PREJUDICE** his petition. (Doc. No. 1.) Further, given the Court's dispositive ruling, it **DENIES AS MOOT** his January 26, 2007 "Motion of Instanter Requesting Decision . . . ." (Doc. No. 7.)

It is so **ORDERED**.

The Clerk is directed to forward a copy of this Order to the petitioner via certified mail, return receipt requested.

DATED: February 16, 2007

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE